IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MURRAY LARSON, and JOAN LARSON, et al., | ) ) ) | CASE NO. 8:00CV529 and previously consolidated cases 8:00CV530, 8:00CV531, 8:00CV532, 8:00CV533, 8:00CV534, 8:00CV535, 8:00CV536, 8:00CV537, 8:01CV27, 8:01CV28, 8:02CV293 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| TYSON FRESH MEATS, INC., f/k/a IBP, Inc., | ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on the Plaintiffs' Motion in Limine to Use Prior Testimony and Evidence (Filing No. 440).[1] The Defendant Tyson Fresh Meats, Inc. (formerly known as, and hereafter referred to as "IBP") opposes the motion for reasons set forth in its brief. (Filing No. 444). For the reasons that follow, the Plaintiffs' motion will be granted in part and denied in part.

The Plaintiffs' motion in limine seeks an order allowing the admission of the testimony given by Plaintiffs' expert witnesses in the *Marmo* trial into evidence in the twelve remaining trials. Pursuant to Fed. R. Civ. P. 16, the Court has the discretion to make advance rulings on admissibility of evidence and to avoid "unnecessary proof and . . . cumulative evidence." The question is whether a deposition or other testimony is admissible under Rule 804(b)(1), which provides:

> (b) Hearsay exceptions: The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

---

[1]The "Plaintiffs" are all the plaintiffs named in the cases identified by the case numbers in the caption of this Memorandum and Order, and a copy of this document shall be filed in each of those cases.

> (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the courts of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Plaintiffs argue that "many" of the Plaintiffs' experts are unavailable for half or more of the remaining trials, and that "many" of the Plaintiffs' experts are outside the Court's subpoena power. As is reflected in the declarations of James Joyce, Jana Milford, John Walton, and Harriet Ammann, Plaintiffs' experts have put the Plaintiffs on notice that they are not able or they are not willing to testify at all the trials given the current trial schedules. To the extent that the Plaintiffs' witnesses are unavailable, and assuming their testimony from the *Marmo* case is relevant, is not cumulative or duplicative of matters already decided, and is consistent with the Court's application of collateral estoppel in this matter, the witnesses' trial testimony is likely admissible under the Rule 804(b)(1) exception to the hearsay rule. However, I am unwilling to enter a blanket order that affects all the remaining trials at this time.

Because much of the Plaintiffs' expert testimony will be the similar for each of the trials, I agree with Plaintiffs' argument that there may be significant cost-savings if the experts' prior trial testimony is allowed to be used in subsequent trials. Defendant's opposition to this procedure, however, must be considered since it affects IBP's ability to cross-examine live witnesses in the presence of the jury. For all of these reasons, the Plaintiffs' motion in limine on this use of the Plaintiffs' expert witnesses' trial testimony shall be denied.

If any of the Plaintiffs' expert witnesses can be shown to be unavailable for the next scheduled trial, *Larson v. Tyson Fresh Meats, Inc.*, Case No. 8:00cv529, then those portions of the *Marmo* trial transcript that the Plaintiffs seek to offer in *Larson* should be designated by Plaintiffs five business days before the *Larson* trial commences, and IBP should provide its objections, if any, to the designations and its basis for the objections to the Court within two business days before trial commences.

Plaintiffs also seek an order holding that the testimony of Shelley Kaderly from the *Marmo* trial is admissible in the subsequent trials. (*Marmo* Tr. 638-702). Kaderly is an employee of the Nebraska Department of Environmental Quality whose testimony during the *Marmo* trial was video-recorded by the plaintiff with the Court's permission. Kaderly's testimony includes, but is not limited to: her participation in the setting of State of Nebraska standards for total reduced sulfur and air quality; the monitoring performed at and around the IBP plant; IBP's application for permits to cover the wastewater treatment lagoons and to expand the tannery; the State's decision to join the EPA enforcement action; and the results of that action. Kaderly, an employee of the Nebraska Department of Environmental Quality whose testimony during the *Marmo* trial was allowed to be video-recorded, has not been shown to be unavailable for trial. Absent a stipulation with IBP's counsel, the motion will be denied as to Kaderly's testimony.

Finally, Plaintiffs seek an order that all the trial exhibits offered by Plaintiff Carol Marmo in her trial are admissible in the twelve remaining trials. This *carte blanche* request is denied. Any exhibit used for the purpose of establishing that: 1) IBP released hydrogen sulfide into the air; 2) these hydrogen sulfide emissions existed in sufficient quantity to

interfere with the Plaintiffs' use and enjoyment of their property, and 3) the interference was intentional, will not be admitted in the *Larson* trial or other remaining trials.   For all these reasons,

IT IS ORDERED:

Plaintiffs' Motion in Limine to use Prior Trial Testimony and Exhibits (Filing No. 440) is denied in all respects.

DATED this 18th day of January 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge